EDWARD KLINK, PLAINTIFF-RESPONDENT, v. MORRIS FRISH, DEFENDANT-APPELLANT.

Submitted October 16, 1926—Decided January 31, 1927.

Contracts—Work and Materials Furnished—Dispute Regarding Amount to be Charged and Amount, if Extra Work Done—Judgment of Nonsuit Sustained.

On appeal from the Essex County Court of Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and MINTURN.

For the appellant, *William Greenfield*.

For the respondent, *Stickel & Naughright (Halsey W. Stickel,* of counsel).

PER CURIAM.

This is an appeal from a judgment of the Essex County Court of Common Pleas entered upon plaintiff's verdict. Plaintiff sued to recover the balance of $1,926.50 alleged to be due for work, labor and material in the installation of a bar and fixtures and a lunch counter at 116 Washington street, Newark. Plaintiff claimed the work and material to be $3,076.50, upon which he had been paid $1,150, leaving the balance claimed.

The defense was that plaintiff agreed to do the work and furnish the materials for $1,200, and as $1,150 had been paid there was only $50 remaining unpaid and due. Defendant relied upon a receipt as establishing that contract, while the plaintiff denied that there was any such contract, although admitting that he had signed a receipt for $300, in which no mention was made of a balance due when he signed it.

Plaintiff offered proof to establish that all the work done was not ordered originally, but from time to time, and that much of it was ordered after the date of the receipt.

The question tried was simply whether or not the work which, as we read the record, was admittedly done and the value of which was not questioned, was done under a contract or under an arrangement whereby the plaintiff was to be paid its reasonable value.

We think the grounds of appeal directed to the admission of evidence are too indefinite to avail the appellant. But apart from that our examination of the record discloses no error in this respect prejudicial to the defendant. Moreover, the record discloses, as we read it, that the witness did not

avail himself of the permission to use the ·memorandum to refresh his recollection, and we do not find that the memorandum itself was admitted in evidence, as claimed by the defendant.

There was no error in the refusal to nonsuit, more especially since in any event the plaintiff was entitled to recover $50.

We find no error in the comments of the judge nor in the refusal of requests to charge.

The judgment will be affirmed, with costs.